(December 8, 1909.)'

## SID. J. ROBERTS, Respondent, v. BOARD OF COMMISSIONERS OF CUSTER COUNTY, Appellant.

[105 Pac. 797.]

DEPUTY SHERIFF. HIRE—AUTHORITY TO APPOINT DEPUTY—EMERGENCY REQUIRING DEPUTY—LIABILITY OF COUNTY—FUGITIVE FROM JUSTICE.

1. One who has been appointed as a deputy sheriff without authority of the board of county commissioners, and who presents a bill to the board for his services as such officer, must show the facts and circumstances of his appointment and employment, and the emergency existing which required and demanded immediate action on the part of the sheriff, and also show that the sheriff was so necessarily engaged that he could not perform the service, and that he had no other assistant or deputy who could perform such service. Lansdon v. Washington Co., 16 Ida. 618, 102 Pac. 344, cited and approved.

2. A fugitive from justice is one who commits a crime and withdraws himself from the jurisdiction of that state in which the offense was committed; and a deputy sheriff in this state has no power or authority to pursue a fugitive from justice in another state and claim his pay or compensation therefor from the county

in which he is deputy. If, on the other hand, he is the "agent of the state," under the provisions of sec. 8425, Rev. Codes, his claim is a charge against the state.

3. Agreed statement of case examined, and *held* not sufficient to support the judgment in favor of the plaintiff.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for the County of Custer. Hon. James Stevens, Judge.

Appeal to the district court from the action of the board of commissioners of Custer county disallowing a claim. Judgment in the district court in favor of the plaintiff, and the county appealed. Judgment *reversed,* and new trial ordered.

L. E. Glennon, for Appellant, cites no authorities.

Milton A. Brown, for Respondent.

. Where the sheriff and his deputy are both obliged to devote their time to the general duties of the office, any expense incurred in caring for a criminal becomes a county charge. (*Lansdon v. Washington County,* 16 Ida. 618, 102 Pac. 344.)

AILSHIE, J.—This is an appeal from the judgment of the district court rendered on an appeal from an order of the board of county commissioners. It seems that the respondent, Sid. J. Roberts, presented a claim to the board of county commissioners of Custer county in the following words and figures:

"Custer County,
    To S. J. Roberts, Dr.
    1908.

Sept. 26.   To nine days' service as deputy sheriff of Custer County from Sept. 16th to and including Sept. 25, 1908, pursuing fugitive from justice.....................$45.

16 & 25.   Expenses of trip as deputy sheriff........40.40

                                    85.40"

The board of commissioners at their next regular meeting after the presentation of this claim took action thereon, and allowed $27.90 on the expense account, and disallowed the balance of the bill in the sum of $57.50. The claimant thereupon appealed from the order so made to the district court. In the district court the case was heard solely upon the bill as presented and the following stipulation:

"This cause having come on regularly for hearing before the court, sitting without a jury, whereupon it was stipulated and agreed, in open court, by counsel for the respective parties that, all and every one of the items of the bills in controversy in this appeal are true and correct, and that all services were rendered and all expenses incurred as therein set forth, while in the performance of the duties of deputy sheriff of Custer county.

"It is further stipulated and agreed that the only question involved in this appeal is: Was the salary set forth in said bills a legal charge against Custer county? Or must the same be paid by Robert Morrison, the then duly qualified and acting sheriff of Custer county, by virtue of an order, then in force and effect, between said Robert Morrison and said board of county commissioners? Said order being to the effect following:

" 'In the Matter of the Application of Sheriff Robert Morrison for Deputy Hire for the Year 1908.

" 'In this matter it is hereby ordered that Sheriff Robert Morrison be allowed $400 per year for all deputy hire.' The provisions of which order were accepted by said Sheriff Robert Morrison.

"And it is hereby stipulated and agreed that the said sum of $400 was allowed and paid to said Robert Morrison, by virtue of said order (agreement), over and above any allowances made on said bills herein named.

"And it is further stipulated and agreed that when the said services were rendered the district court for Custer county was in session; that the said sheriff and his regular deputy were necessarily engaged in services of said court."

The district court adopted the stipulation, or agreed statement of facts, as the findings of the court, and thereupon ren-

dered judgment in favor of the respondent herein for the sum claimed. This appeal is from the judgment of the district court.

The foregoing agreed statement of facts is not sufficient to support a judgment in favor of respondent. In the first place, the order made by the board of commissioners with reference to the deputy hire of the sheriff was, to say the least, irregular and not what is contemplated by the statute. We assume, however, that the understanding between the board of commissioners and the sheriff was that an allowance of $400 per annum would be enough to enable the sheriff to employ a deputy at such times as he would need a deputy. It was evidently not intended that the sheriff should keep a regular deputy throughout the year on a salary of $400. We infer from the order that it was contemplated that he should employ a deputy or deputies at such time or times as he needed assistance, and that the total deputy hire should not exceed $400. This, of course, was evidently intended to apply to the usual and ordinary duties and requirements of the office. Neither the sheriff nor the board of commissioners would be limited by this allowance or bound by the order in a case of emergency, where it was necessary to have additional assistance, or employ help to discharge the duties of the office. We had occasion to consider a question very similar to this in *Lansdon v. Washington County,* 16 Ida. 618, 102 Pac. 344. The claimant shows no privity of contract or employment between himself and the county. His employment was not authorized by the board of commissioners. On the contrary, he was employed by the sheriff. It appears that the sheriff was paid the sum of $400 for deputy hire for the year in which this service was rendered. Before the sheriff could recover any larger or greater sum, it would be necessary for him to show the manner of expenditure of the $400 allowed him, and the emergency and necessity for incurring additional expense or employing additional help. That necessarily involves a consideration of the facts out of which the emergency arose, as well as the reasonableness of the charge. It is certainly necessary for the claimant to show as much as it would have been

necessary for the sheriff to show. The fact that the sheriff and a regular deputy were engaged in attendance on the district court at the time this service was rendered does not in itself answer the requirement. He was not limited by the order of the board of commissioners to one deputy. He might have employed one or more deputies. He was only limited in the amount he should expend within the year. Again, the fact that the sheriff receives a warrant of arrest does not, in all cases, mean that an emergency has arisen which requires immediate action in order to serve the warrant.

Another thing that appears upon the face of this claim deserves at least a passing mention. The claim itself says the service rendered was in "pursuing fugitive from justice." There is no evidence explaining this in any respect. Of course, we are not informed as to whether the respondent in presenting this claim and using this language used it in a legal or technical sense or not, but in view of the fact that there is no explanation contained in the record and that the terms were used by an officer of the law, we assume that they were used in a legal sense. If so, this would not be a charge against the county. A "fugitive from justice" is one who commits a crime in one state and withdraws himself from the jurisdiction of that state. (4 Words and Phrases, p. 2995.) By reason of being a deputy sheriff, the respondent would have had no right to pursue a fugitive from justice in another state; but if, on the other hand, he had been designated as the "agent of the state" to receive a "fugitive from justice," under the provisions of sec. 8425, Rev. Codes, the charge would be against the state and not against the county. (*Kroutinger v. Board of Examiners*, 8 Ida. 463, 69 Pac. 279.)

The foregoing observations are sufficient to show at once that no case has been made against the county, and that the agreed statement does not support the judgment. The judgment must be *reversed,* and it is so ordered. Owing to the condition of this case, we have concluded to order a new trial, so that the claimant, if he thinks he can make a case that will bring him within the purview of the law as announced in *Lansdon v. Washington Co., supra,* may have a new trial

and present the evidence of his employment and the circumstances under which he was employed, and the emergency, if any, which existed, so that the court may be able to fully consider the case in the light of all the facts and circumstances thereof.   Costs awarded in favor of appellant.

Sullivan, C. J., and Stewart, J., concur.