(January 15, 1898.)

## KINGSBURY v. ANDERSON, State Auditor.

[51 Pac. 744.]

MANDAMUS—APPROPRIATION—CONSTITUTION.—Constitution of Idaho, section 13, article 7, provides that no money shall be drawn from the treasury but in pursuance of appropriations made by law. *Held,* that in absence of an appropriation the auditor properly re- fused to issue a state warrant in payment for legal services of counsel employed by the state auditor under the provisions of sec- tion 1685 of the Revised Statutes of 1887. Said section does not make an appropriation for the payment of such services.

(Syllabus by the court.)

Original proceeding for writ of mandate.

Johnson & Johnson, for Petitioner.

The moneys arising from the general revenues of the state con- stitute the general fund. All bills or accounts against the state are payable out of the general fund, except those claims or ac- counts which the statute directs must be paid out of specific appropriations. The bill is to be paid out of the treasury, hence out of the general fund. (Secs. 232, 1685.) Section 1685 is an appropriation within the meaning of the constitution. No particular form of appropriation is necessary. It is sufficient if the intent to make the appropriation is clearly evidenced by the language employed in the statutes upon the subject, or if it is evident that no effect can possibly be given to a statute un- less it be construed as making the necessary appropriation. (*Carr v. State,* 127 Ind. 204, 22 Am. St. Rep. 624, 26 N. E. 780.) No set form of words is necessary to constitute an ap- propriation, it being sufficient if the legislative intent to ap-

propriate clearly appear. *(Goodyknootz v. Acker,* 19 Colo. 360, 35 Pac. 913.)

R. E. McFarland, Attorney General, for Defendant.

No brief filed.

SULLIVAN, C. J.—This is an application for a peremptory writ of mandate to compel the state auditor to issue a warrant in favor of the petitioner for services rendered under and by virtue of the provisions of section 1685 of the Revised Statutes of 1887, which is as follows: "The controller or attorney general may employ other counsel than the district attorney and the expenses must be paid out of the territorial treasury." It is admitted that the petitioner was employed and rendered services for the state of the value of $750, and that the state auditor drew a warrant on the state treasury for $250 of that sum, and delivered the same to the petitioner, and that there remains due and unpaid to the petitioner $500, the balance of said claim. The authority of the auditor to make said employment under the provisions of said section is conceded by the attorney general, but he denies the authority of the auditor to issue a state warrant in payment of said claim on the ground that no appropriation has been made out of which said claim can be paid, while the petitioner contends that the last clause of said section makes such appropriation. The question for decision is: Does the last clause of said section, to wit, "and the expenses must be paid out of the territorial (not state) treasury," make an appropriation? Section 214 of the Revised Statutes is as follows: "In all cases of specific appropriations, salaries, pay and expenses, ascertained and allowed by law, found due to individuals from the territory, when audited, the controller must draw warrants upon the treasury for the amount; but in cases of unliquidated accounts and claims, the adjustment and payment of which are not provided for by law, no warrants must be drawn by the controller, or paid by the treasurer until appropriation is made by law for that purpose, nor must the whole amount drawn for and paid for any purpose or under any one appropriation ever exceed the amount appropriated." Said section of the Revised Statutes, as well as section 13, article 7, of

the constitution of Idaho, must be taken into consideration in deciding the question involved. Said section 13 of the constitution is as follows: "No money shall be drawn from the treasury but in pursuance of appropriations made by law." With said section of the constitution in view, sections 214 and 1685 of the Revised Statutes must be construed together. The last clause of said section 214 prohibits the auditor from drawing warrants on the treasury for any purpose or under any appropriation for any sum exceeding the amount appropriated. If, by the provisions of said section 1685, an appropriation is made, it is limited only by the necessity of the case, and, if necessity required it, the entire revenue of the state could be diverted to that purpose. We do not think an appropriation was made or intended by the provisions of said section 1685. If, by the provisions of said section, a specific sum had been appropriated annually to pay claims arising thereunder, then the auditor would be authorized to draw the warrant demanded in this case, unless the appropriation had been previously exhausted. While it is true no set form of words is necessary to make an appropriation, language should be used that would show the intention of the legislature to make an appropriation. The mere declaration that certain charges against the state must be paid out of the state treasury does not necessarily make an appropriation, for without such declaration all charges against the state that are paid are paid out of the state treasury. It is out of the state treasury that the state pays its obligations. But under said section 13 of the constitution of Idaho no money can be drawn from the treasury except on appropriation made by law, no matter how just claims against the state may be. However, no contention is made to the contrary. The contention of the petitioner is that an appropriation was made by the provision of said section 1685, which section has been a law for more than ten years, and the contention is that it is an appropriation, and a continuing one from year to year. We cannot concede the contention of the plaintiff, and for that reason the writ of mandate must be denied, and it is so ordered.

Huston and Quarles, JJ., concur.