(June 3, 1902.)

## KROUTINGER v. BOARD OF EXAMINERS.

[69 Pac. 279.]

STATE AND COUNTY CHARGES—EXPENSES IN EXTRADITING FUGITIVES FROM JUSTICE.—The expenses incurred by an agent designated in a requisition in returning a fugitive from justice from another state to this state is, under the provisions of section 8425 of the Revised Statutes, a state charge, and is not a charge against the county wherein the prosecution against said fugitive from justice may be pending.

BOARD OF EXAMINERS—ALLOWANCE OF CLAIMS—APPROPRIATIONS.— The board of examiners should allow claims which are, by law, made a charge against the state, although there may be no appropriation out of which the same can be paid, as, under the provisions of the constitution, the legislature is prohibited from passing upon claims that have not been considered and acted on by said board of examiners.

MANDAMUS.—*Mandamus* will not lie to compel the board of examiners to audit a claim upon which it has already acted. Affirming *Pyke v. Steunenberg*, 5 Idaho, 614, 51 Pac. 614.

(Syllabus by Quarles, C. J.)

ORIGINAL proceeding for writ of mandate.

Miles S. Johnson, for Plaintiff.

Section 8425 of the Revised Statutes of Idaho of 1887 reads as follows: "When the governor of this territory, in the exercise of authority conferred by section 2, article 4, of the constitution of the United States, or by the laws of this territory, demands from the executive authority of any state or territory

of the United States, or of any foreign government, the surrender to the authorities of this territory of a fugitive from justice, who has been found and arrested in such state, territory or foreign government, *the accounts of the person employed by him to bring back such fugitive must be audited by the controller and paid out of the territorial treasury.*" Article 21, section 2, of the constitution provides that: "All laws now in force in the territory of Idaho, which are not repugnant to this constitution, shall remain in force until they expire by their own limitation or be altered or repealed by the legislature." (See *Gilbert v. Moody*, 3 Idaho, 3, 25 Pac. 1092.)

Attorney General Frank Martin, for Defendants.

Under the provisions of section 7, page 120, Session Laws of 1899, providing what are county charges, it would seem that all expenses connected with criminal prosecutions from any county are a county charge. But if this bill is a charge against the state, then out of what fund and in what way shall the state pay it? Article 7, section 13, of the state constitution is as follows: "No money shall be drawn from the treasury but in pursuance of an appropriation made by law." In the case of *Kingsbury v. Anderson*, 5 Idaho, 771, 51 Pac. 744, this court held that said section of the constitution, together with section 214 of the Revised Statutes, prohibited the state auditor from drawing warrants on the treasurer in the absence of an appropriation, and for any sum under any appropriation exceeding the amount appropriated.

QUARLES, C. J.—This is an original proceeding for a writ of *mandamus* compelling the defendants, as members of the board of examiners, to audit the claim of the plaintiff for expenses incurred in going to the state of Tennessee and bringing a fugitive from justice—a prisoner—therefrom to Nez Perces county, under a requisition duly issued by the governor of Idaho, designating the plaintiff as the agent of this state to receive and return said fugitive from justice. The proceedings for said requisition appear to have been regular. To the al-

ternative writ heretofore issued the defendants, members of the state board of examiners, file their return, wherein it is alleged that said board acted upon said claim on the fourth day of February, 1902, and rejected the same for the following reasons, to wit: "(a) That said claim was not a proper charge against the state of Idaho; (b) that said claim is a proper charge, and should be borne by the county of Nez Perces, state of Idaho; (c) that the legislature of the state of Idaho has provided no fund and has made no appropriation from which said charges specified in said petition can be paid by the state of Idaho." The return is in no way controverted. It is therefore apparent that the board of examiners has acted, and under the decision of this court in *Pyke v. Steunenberg,* 5 Idaho, 614, 51 Pac. 614, the writ demanded cannot properly be granted. The alternative writ heretofore issued is quashed, and the writ demanded is denied.

But the defendant board asks this court to determine whether or not the claim in question is a charge against the state or against the county of Nez Perces, and both parties so desire. We are also asked to express an opinion as to whether said claim can be paid out of the general fund in the absence of an appropriation made for the purpose of paying such claims. The theory upon which the board of claims held the claim in question to be a charge against Nez Perces county is that it was a part of the cost of a criminal prosecution prosecuted in said county, and therefore not a charge against the state. This theory is based upon the provisions of act of February 9, 1899 (Sess. Acts 1899, p. 120). The second, third, and fourth subdivisions of section 7 of said act are as follows: "2. The compensation allowed by law to constables and sheriffs for executing process on persons charged with criminal offenses; for services and expenses in conveying criminals to jail; for the service of subpoenas issued by or at the request of the district attorneys and for other services in relation to criminal proceedings. 3. The expenses necessarily incurred in the support of persons charged with or convicted of crime and committed therefor to the county jail. 4. The compensation allowed by law to

county officers in criminal proceedings, when not otherwise collectible." These provisions have no relation whatever to the claim of the petitioner for expenses incurred in going to another state under the requisition of the governor, and as the agent of this state, to apprehend and bring back to this state a fugitive from justice. Section 8425 of the Revised Statutes, make the expenses of such agent a state charge. That section is as follows: "When the governor of this territory, in the exercise of the authority conferred by section 2, article 4, of the constitution of the United States, or by the laws of this territory, demands from the executive authority of any state or territory of the United States, or of any foreign government the surrender to the authorities of this territory, of a fugitive from justice, who has been found and arrested in such state, territory, or foreign government, the accounts of the person employed by him to bring back such fugitive must be audited by the controller and paid out of the territorial treasury." Petitioner was not acting as an officer of Nez Perces county in going to the state of Tennessee and bringing said fugitive from justice back to Idaho, but was acting as the agent of this state, and section 8425 of the Revised Statutes very properly makes his expenses a state charge.

As to the remaining question we are of the opinion that the board of examiners should allow the claim. It is provided in section 18 of article 4 of the constitution, relative to said board, as follows: "They shall also constitute a board of examiners, with power to examine all claims against the state, except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law. And no claim against the state, except salaries and compensation of officers fixed by law, shall be passed upon by the legislature without first having been considered and acted upon by said board." Section 13, article 7, of the constitution, is as follows: "Sec. 13. No money shall be drawn from the treasury, but in pursuance of appropriations made by law." Section 8425 of the Revised Statutes does not make an appropriation, and it appears that the last session of our legislature failed—doubtless

through oversight—to make an appropriation out of which claims like the one in question may be made. Thus, while the board may, and should, if they find the claim to be correct, allow it, yet no warrant can issue to pay it until the legislature should make an appropriation to cover the same. We are treating this as an action to obtain an advisory judgment of this court, and recommend that an appropriation be made by the legislature to pay the claim of the petitioner. No costs to be taxed either party.

Sullivan and Stockslager, JJ., concur.