(February 11, 1908.)

ROBERT S. BRAGAW, as State Auditor, Plaintiff, v. FRANK R. GOODING, Governor, ROBERT LANSDON, Secretary of State, J. J. GUHEEN, Attorney General, Comprising the State Board of Examiners, Defendants.

[94 Pac. 438.]

CLAIMS AGAINST THE STATE—STATE BOARD OF EXAMINERS—POWER— REMEDY WHERE STATE BOARD DISALLOWS CLAIMS—PROHIBITION.

1. Under sec. 4994, Rev. Stat., the writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, person or board.

2. Under sec. 18, art. 4 of the constitution, the governor, secretary of state and attorney general are constituted as the state board of examiners, with power to examine all claims against the state, except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law.

3. The act of March 9, 1905 (Sess. Laws 1905, p. 366), passed in pursuance of the provisions of· sec. 18, art. 4 of the constitution, makes it the duty of the state board of examiners to examine all claims against the state, except salaries and compensation of officers fixed by law, and empowers said board to approve or disapprove any claim or demand against the state, or any item thereof, and authorizes said board to recommend a less amount in payment of the whole, or any item thereof.

4. Under sec. 18, art. 4 of the state constitution, and the act of March 9, 1905, the state board of examiners may disallow, in whole or in part, any claim presented by a state officer, for services for clerk hire, in his said office.

5. The courts have no power or authority to set aside or reverse the action of the state board of examiners in disallowing, in whole or in part, any claim presented against the state.

6. In a case where the state board of examiners unjustly disallows a claim against the state, the claimant has his remedy under sec. 10, art. 5 of the constitution of this state, by applying to this court to hear said claim, and securing a recommendatory judgment of this court, to be presented to the next legislature for its action.

(Syllabus by the court.)

An original proceeding in this court for a writ of prohibition.

C. H. Libby, for Plaintiff, files no brief.

J. J. Guheen, Attorney General, and Edwin Snow, for the State.

The legislature conferred absolute power and authority upon the board to approve or disapprove, item by item, claims presented against the state, and allow or disallow them in whole or in part. They were given by the statute and the constitution full and complete authority in the matter of examing and passing on claims against the state. (*Pyke v. Steunenberg,* 5 Ida. 614, 51 Pac. 614.)

The action complained of is not in excess of the jurisdiction of the board, and does not come within the scope of the writ of prohibition. (*Stein v. Morrison,* 9 Ida. 426, 75 Pac. 246; *Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222; *In re Francis,* 7 Ida. 98, 60 Pac. 561; *Denning v. City of Moscow,* 11 Ida. 415, 83 Pac. 339; *In re Miller,* 4 Ida. 711, 43 Pac. 870; *Bellevue Water Co. v. Stockslager,* 4 Ida. 636, 43 Pac. 568.)

STEWART, J.—The plaintiff in his affidavit for the writ of prohibition, as applied for in this action, styles the action as follows: "In the Matter of the Application of Robert S. Bragaw, State Auditor of the State of Idaho, for the Issuance of a Writ of Prohibition to Frank R. Gooding, Robert Lansdon and J. J. Guheen, constituting and comprising the Board of Examiners." The action should have been styled as reformed and styled in this opinion. (Sec. 4955, Rev. Stat.)

This is an original application for a writ of prohibition. Robert S. Bragaw, the plaintiff, in his affidavit for the writ, alleges that he is the state auditor of the state of Idaho, and as such has authority to employ an assistant and clerk for the proper conduct of the business of his office; that by an act of the legislature, approved March 14, 1907, there was appropriated for the purpose of conducting the business of the office

of state auditor, the sum of $20,000, and that in accordance
with the authority in him vested, he employed as clerks to as-
sist him in conducting the business of his office, Clara H.
Bragaw at an agreed salary of $100 per month, and Robert S.
Bragaw, Jr., at an agreed salary of $135 per month, and that
such employment of said clerks was necessary for the proper
conduct of the business of said office, and that the agreed sal-
ary was fair, just and reasonable; that the salary agreed to be
paid said clerks will not exceed the appropriation made for
the conduct of said office; that the plaintiff presented to Frank
R. Gooding, governor, Robert Lansdon, secretary of state,
and J. J. Guheen, attorney general, constituting and compris-
ing the state board of examiners, claims of said clerks, in
proper form, for services rendered, and approved by himself
as state auditor, for their examination and approval; that said
board of examiners refused and still refuse to allow any com-
pensation to said clerks, except that said board has allowed to
the clerk, Robert S. Bragaw, Jr., the sum of $75, which is in-
adequate for the services rendered; that by reason of the ac-
tion of said board, the affiant will be denied the services of
said clerks in conducting the business of his office, and pre-
vented from performing the duties of his office as required by
law; that the refusal of said board to allow said claims is
without right and contrary to law and a usurpation of author-
ity, and that said board was prompted to so act from personal,
selfish, pernicious and malicious motives; that he is without
other remedy, and for that reason makes this application for
a writ of prohibition, and asks that said board be directed
and commanded to allow the claims of the clerks so presented
by him.

To this affidavit the defendants filed a demurrer on the
ground that the affidavit fails to state facts sufficient to consti-
tute a cause of action. The cause was argued and submitted
on the demurrer to the affidavit. Under the facts alleged, is
the plaintiff entitled to a writ of prohibition? Sec. 4994,
Rev. Stat., provides: "The writ of prohibition is the counter-
part of the writ of mandate. It arrests the proceedings of
any tribunal, corporation, board or person, when such proceed-

ings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." If the state board of examiners, in disallowing the claims set forth by the petitioner did not exceed its jurisdiction, then the writ of prohibition will not lie.

Sec. 18, art. 4 of the constitution of this state, among other things, provides: "The Governor, Secretary of State, and Attorney General . . . . shall constitute a Board of Examiners, with power to examine all claims against the state, except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law."

Under this provision of the state constitution, an act was passed and approved February 23, 1891, providing for the organization of said board, its meetings and duties. This act was re-enacted and approved February 2, 1899, and sec. 3 of the same act was amended by an act approved March 4, 1903, which latter act was amended by an act approved March 9, 1905 (Sess. Laws 1905, p. 366). Sec. 3, as amended by the act of March 9, 1905, relates to the duties of the state board of examiners, and provides: "It shall be the duty of the board to examine all claims against the state, except salaries and compensation of officers fixed by law. . . . . The board may approve or disapprove any claim or demand against the state, or any item thereof, or may recommend a less amount in payment of the whole, or any item thereof, and a decision of a majority of the members shall stand as the decision of the board." The claims involved in this case were not for salaries or compensation fixed by law. Thus it will be seen that sec. 18, art. 4 of the constitution specifically provides that the state board of examiners has power to examine "all claims against the state, except salaries or compensation of officers fixed by law, and perform such other duties as may be prescribed by law." In pursuance of this provision of the constitution, the various acts of the legislature above referred to have been passed, and the act of March 9, 1905, provides that the board may "approve or disapprove any claim or demand against the state, or any item thereof, or may recommend a less amount in payment of the whole, or any item thereof."

The constitution and statute expressly confer upon the state board of examiners power and authority to examine all claims against the state, except salaries or compensation of officers fixed by law, and the act of March 9, 1905, expressly authorizes and empowers the state board of examiners to approve or disapprove any claim or demand against the state, or any item thereof, and may recommend a less amount in payment of the whole. The allegations of the petition clearly show that the defendants, as the state board of examiners, in disallowing one claim and partly disallowing another claim for services as clerk in the state auditor's office, acted entirely within their jurisdiction as conferred by the constitution and statute of this state.

The petitioner, however, argues that if the state board of examiners has the authority to disallow his claims for clerk hire, that it will thereby cripple the administration of his office and make it impossible for him to perform the duties prescribed by law. Admitting this to be a fact, it is not a reason why this court should set aside and annul the provisions of the constitution and statutes of this state. The plaintiff, however, is not without a remedy, as sec. 10, art. 5 of the constitution clearly provides that "the supreme court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory. No process in the nature of execution shall issue thereon; they shall be reported to the next session of the legislature for its action." If, therefore, the state board of examiners should unjustly disallow the claims of the plaintiff for necessary clerk hire, the constitution gives him, or such parties, the right to bring an action in this court, and present the facts with reference to such matter; and if the court determine that the state board of examiners had acted unjustly, and that such action deprived the plaintiff of the necessary clerical assistance to properly administer his office as required by law, this court could enter a recommendatory judgment as provided by the constitution. This judgment could be presented to the next legislature for its action. But this court has no authority to substitute the state auditor, or any other state officer, in place of the state

board of examiners. Neither can this court withdraw from the state board of examiners its power and authority under the constitution and statutes and confer such power upon the state auditor, or any other state officer.

If the contention of the plaintiff be correct, that it was the duty of the state board of examiners to allow the claims as he presented them, then there would be no necessity for a state board of examiners so far as the auditor's office was concerned, as he would be his own examining board and could allow such claims as he might deem proper, so long as the same were within the appropriation made by the legislature. This, in effect, would take from the state board of examiners the authority expressly given it by the constitution and laws of this state.

In the case of *Pyke v. Steunenberg*, 5 Ida. 614, 51 Pac. 614, this court said: "I suppose the intent and purpose of the framers of the constitution was to establish a board independent of all other boards, whose duty it is made to pass upon, 'and approve or disapprove,' all claims against the state not included in the classes excepted. The jurisdiction is conferred upon this court by the constitution (sec. 10, art. 5) to hear claims against the state, and to make decisions thereon, which decisions 'shall be merely recommendatory'; and this court has declined to hear any claims against the state until the same have been passed upon by the board of examiners. The board of examiners were created by, and derive their jurisdiction and authority from, the same source as this court, and, while acting within the scope of such authority, the courts have no power to direct or control their action. It is true that, should the board refuse to act in a matter upon which the law requires them to act, it is within the legitimate authority of the courts to compel them to act, because as heretofore shown until they do act the claimant is debarred from further pursuing his remedy. But we know of no authority, vested in this or any other court, which could authorize them to direct how the board of examiners should act in any case. To do so would be, in our opinion, to override both the constitution and the laws, and to substitute for a tribunal provided by the constitution one

clearly never contemplated by the framers of that instrument.''

So, in the case under consideration, had the state board of examiners refused to act, this court could have compelled them to act; but the affidavit shows that they did act and disallowed, in whole, one claim and part of the other. This court has no authority whatever to direct the state board of examiners how to act. The constitution creates the state board of examiners as a tribunal, with full power and jurisdiction to pass upon all claims against the state, except those specifically excepted by the constitution, and no court or other tribunal is authorized to set aside or reverse such action. The demurrer will be sustained.

Ailshie, C. J., and Sullivan, J., concur.