Points Decided.

(January 8, 1916.)

JAMES WILEY EPPERSON, Plaintiff, v. WILLIAM HOWELL, GUS CARLSON and MANS H. COFFIN, as the Board of County Commissioners of Ada County, Idaho, Defendants.

[154 Pac. 621.]

MANDATE—PRACTICE — CONSTITUTIONAL LAW—APPROPRIATIONS—STATUTORY CONSTRUCTION.

1. Pursuant to the provisions of sec. 4955, Rev. Codes, a party prosecuting a special proceeding should be referred to as the plaintiff and the adverse party as the defendant.

2. Secs. 12, 14 and 15, chap. 27, Sess. Laws 1915, which provide for diverting from the state treasury money due to the state from the counties, arising from taxation, and for paying it out, by the counties, to those engaged in emergency employment, violates sec. 7, art. 7 of the constitution and cannot be sustained.

3. Sec. 13, art. 7, of the Idaho constitution, providing that no money shall be drawn from the treasury but pursuant to an appropriation made by law, prohibits the payment, by the state, of any money except pursuant to and in accordance with an act of the legislature expressly appropriating it to the specific purpose for which it is paid, and, since no money has been appropriated for that purpose, the state is precluded from paying its proportionate share of the expense of giving the emergency employment contemplated by chapter 27, *supra.*

4. Sec. 18, art. 4, of the constitution grants to the state board of examiners power to examine all claims against the state, except salaries or compensation of officers fixed by law, and a legislative enactment attempting to provide for the disbursement of funds belonging to the state in payment of claims without such examination is in violation of that section and void.

[Review of decisions of various states upon what constitutes a legislative appropriation, see note in 22 Am. St. 638.]

5. The rule is well settled in this state that if the provisions of an act of the legislature are connected in subject matter, dependent upon each other, and designed to act for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the legislature would have passed one without the other, if one part is unconstitutional the entire act is void.

6. Since secs. 12, 14 and 15, chap. 27, *supra*, are clearly violative of the constitution, and since, by sustaining the remaining sections, a considerable burden of expense would be placed upon counties called upon to give emergency employment to a large number of persons, from which burden counties required to employ few or none would be exempted, and, since it is clear that it was not the intention of the legislature to do so, the entire chapter must be held to be invalid.

APPLICATION for writ of mandate. Demurrer sustained, alternative writ quashed and peremptory writ denied.

J. H. Peterson, Atty. Genl., D. A. Dunning and Herbert Wing, Assts., for Plaintiff.

Legislative bodies in the exercise of the power of taxation and police regulation may impose upon counties, towns and municipalities the burden of the relief and support of the sick, infirm and disabled paupers within their limits. (30 Cyc. 1066, citing *People v. Hill,* 163 Ill. 186, 46 N. E. 796, 36 L. R. A. 634.)

Such statutes being enacted in the interest of humanity must be liberally construed to effectuate the benevolent purpose and policy of the legislature. (*Ogden City v. Weber County,* 26 Utah, 129, 72 Pac. 433.)

Conceding, for the purposes of the argument, that sections 12, 14 and 15 are contrary to constitutional provisions, the entire act should not fail. If one provision of the statute is invalid, the others are not affected by the void provisions unless they are plainly dependent upon each other and so inseparably connected that they cannot be divided without defeating the object of the statute. ( *Gillesby v. Board of County Commrs.,* 17 Ida. 586, 605, 107 Pac. 71.)

R. L. Givens, Pros. Atty., and E. P. Barnes, for Defendants.

The most serious objection from the standpoint of the constitutionality of the act is the fact that the act does not provide for an appropriation of state moneys. (*Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744; *Kroutinger v. Board of*

*Examiners,* 8 Ida. 463, 69 Pac. 279; *Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065.)

"An appropriation within the meaning of our constitution is the setting apart by law of a certain sum from the public revenues for a specified purpose so that the executive officers are authorized to expend that sum and no more for that purpose and no other." (*State v. Moore,* 50 Neb. 88, 61 Am. St. 538, 69 N. W. 373; *Falk v. Huston,* 25 Ida. 26, 135 Pac. 745; *State v. Eggers,* 36 Nev. 372, 136 Pac. 100; *McClelland v. Lewis,* 40 Okl. 551, 139 Pac. 990; *Leddy v. Cornell,* 52 Colo. 189, Ann. Cas. 1913C, 1304, 120 Pac. 153, 38 L. R. A., N. S., 918; *State v. Ristine,* 20 Ind. 345; *Shattuck v. Kincaid,* 31 Or. 379, 49 Pac. 758; *Westinghouse Electric & Mfg. Co. v. Chambers,* 169 Cal. 131, 145 Pac. 1025.)

The constitution provides that no claim except salaries of officers can be paid without having been passed upon by the state board of examiners. (*Winters v. Ramsey,* 4 Ida. 303, 39 Pac. 193.)

Allowing every intendment in favor of the statute, still the various provisions of the same are irreconcilable with each other and with the constitution and statutes. (*Cook v. State,* 26 Ind. App. 278, 59 N. E. 489.)

If the enactment is so uncertain that the court is unable to determine, with any reasonable degree of certainty, what the legislature intended, or it is so incomplete that it cannot be executed, there is no other course open but to condemn it as void for uncertainty. (*State v. Board of State Canvassers,* 159 Wis. 216, 150 N. W. 542; *State v. Board of Revenue & Road Commrs.,* 180 Ala. 514, 61 So. 814; *State v. Reusswig,* 110 Minn. 473, 126 N. W. 279; *Menasha Woodenware Co. v. Coos County,* 66 Or. 431, 134 Pac. 1037; *People v. Sweitzer,* 266 Ill. 459, 107 N. E. 902; *Knight v. Trigg,* 16 Ida. 256, 100 Pac. 1060; Sutherland on Statutory Construction, sec. 86; *State ex rel. Wyatt v. Ashbrook,* 154 Mo. 375, 77 Am. St. 765, 55 S. W. 627, 48 L. R. A. 265.)

The various parts of the statute are so interwoven that it is impossible to trim off parts of the statute and cut it down in any way without entirely emasculating it. (*Cunningham*

*v. Thompson,* 18 Ida. 149, 108 Pac. 898; *Greathouse v. Heed,* 1 Ida. 494; *Ferbrache v. Drainage Dist. No. 5,* 23 Ida. 85, at 94, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538.)

MORGAN, J.—This proceeding was commenced for the purpose of procuring the issuance of a writ of mandate requiring defendants, who constitute the board of county commissioners of Ada county, to immediately take action upon plaintiff's application for employment, made pursuant to chap. 27, Sess. Laws 1915 (p. 80), or to employ him or show cause why they have not done so.

In the application for the writ and in the return thereto the parties are denominated petitioner and respondents, respectively. The title of the cause has been reformed to read as above stated, in order to conform to the provisions of sec. 4955, Rev. Codes, which provides: "The party prosecuting a special proceeding may be known as the plaintiff, and the adverse party as the defendant." (*Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573; *Bragaw v. Gooding,* 14 Ida. 288, 94 Pac. 438.)

Plaintiff, in his application, alleges the necessary statutory facts entitling him to be employed under the provisions of chap. 27, *supra.* An alternative writ was issued and served and, by way of return, defendants admitted the facts alleged and demurred to the application, asserting that the legislative enactment under consideration violates the constitution of the state of Idaho in a number of particulars, some of which will be hereinafter discussed.

Chap. 27, *supra,* provides that the boards of county commissioners of the various counties in Idaho are authorized and required to designate certain work upon the public highway, or such other work as they may determine upon, as emergency employment, and to fix the compensation of persons employed in such work. It is therein provided that any person who is a citizen of the United States and who has been a resident of Idaho for not less than six months shall be entitled to emergency employment subject to the provi-

sions of the chapter. An applicant for employment is required to appear before the clerk, or any member of the board of county commissioners, and to make oath or affirmation to the following facts: That he is a citizen of the United States; that he has been a resident of the state of Idaho for an uninterrupted period of not less than six months; that he is a resident of the county in which such application is made, and has been for more than ninety days last past; that he is unable to secure other employment; that he does not own or possess negotiable, real or personal property of a total value of more than one thousand dollars; that he has, or has not, as the case may be, dependents, and if he has such dependents, name them individually and separately and state the relationship of each to him; that he has or has not, as the case may be, been employed at emergency employment within the state of Idaho during the twelve months last past; that he will perform the labor to which he may be assigned with due and reasonable diligence and in a fair and workmanlike manner to the best of his ability, and such applicant must be identified and vouched for by some freeholder in the county where application is made.

The manner in which payment shall be made, out of the current expense fund of the county, for labor performed at emergency employment, and the manner of keeping account of such employment, and the manner of keeping account of such expenditures and of certifying the same to the county auditor, are provided for, and secs. 12, 14, and 15 of the chapter are as follows:

"Sec. 12. The County Auditor shall certify to the Auditor of the State of Idaho in his annual return of State taxes from the county, a statement of the total sum expended within the county for Emergency Employment and fifty (50) per cent of the amount of such total sum shall be deducted from the sum of the general taxes collected by the State of Idaho from the county in which such Emergency Employment was provided."

"Sec. 14. It shall be the duty of the Auditor of the State of Idaho to certify to the State Treasurer a correct account

of all sums reported from the various counties of the State
of Idaho as Emergency Employment deductions from the
general State tax returns.

"Sec. 15.   It shall be the duty of the State Treasurer to
keep in his office a true and correct record of all sums re-
ported as Emergency Employment expenditures from the
various counties."

It will be at once observed that this chapter provides for
the deduction, by a county, from the moneys due from it to
the state, arising from taxation, of one-half of the amount it
has been required to expend in giving emergency employ-
ment.   Defendants contend that the chapter is void because
it is in conflict with sec. 7, art. 7, of the constitution of Idaho,
which provides: "All taxes levied for state purposes shall
be paid into the state treasury, and no county, city, town,
or other municipal corporation, the inhabitants thereof, nor
the property therein, shall be released or discharged from
their or its proportionate share of taxes to be levied for state
purposes."   This section of the constitution is mandatory,
and it is entirely clear that the legislative enactment under
consideration, in so far as it provides for diverting from the
state treasury money due to the state from the counties, aris-
ing from taxation, and for paying it out by the counties to
those engaged at emergency employment, cannot be sustained.

No appropriation of money has been made with which to
pay the state's proportion of the expense of giving emer-
gency employment, and it is urged by defendants that the
chapter is unconstitutional because it conflicts with sec. 13,
art. 7, of the constitution, which is as follows: "No money
shall be drawn from the treasury, but in pursuance of ap-
propriations made by law."

An appropriation, within the meaning of the section of
our constitution last above quoted is authority from the
legislature expressly given in legal form, to the proper offi-
cers, to pay from the public moneys a specified sum, and no
more, for a specified purpose, and no other.   It follows that
no money may lawfully be paid from the treasury except
pursuant to and in accordance with an act of the legislature

expressly appropriating it to the specific purpose for which it is paid. No money having been appropriated for that purpose, the state is as effectually precluded by sec. 13, art. 7, from paying its proportionate share of the expense of giving emergency employment as is the county from retaining it from the state treasury by sec. 7, art. 7, of the constitution. (*Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744; *Kroutinger v. Board of Examiners,* 8 Ida. 463, 69 Pac. 279; and *Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065.)

Our attention is also directed to the fact that no provision is made for the submission of claims against the state, arising out of emergency employment, to the state board of examiners, but, upon the other hand, payment of funds belonging to the state, without such examination, is attempted to be provided for. This feature of the chapter is in contravention of sec. 18, art. 4, of the constitution, which grants to that board power to examine all claims against the state, except for salaries or compensation of officers fixed by law. (*Winters v. Ramsey,* 4 Ida. 303, 39 Pac. 193.)

Certain other objections have been made touching the validity of this legislative enactment, but in view of the conclusions reached upon those heretofore mentioned, it is not deemed necessary to discuss them.

It is contended by counsel for plaintiff that secs. 1 to 11, inclusive, and secs. 13 and 16 of the chapter under consideration constitute a complete rule of action, and that, conceding secs. 12, 14 and 15, which attempt to provide for contribution by the state toward the expense of furnishing emergency employment, to be unconstitutional, the legislative enactment may still be sustained as a law requiring the several counties, unaided by the state, to furnish and pay for such employment.

That the chapter is capable of being so divided, and that, by striking out secs. 12, 14 and 15, a complete law would remain, placing the burden of giving emergency employment upon the several counties, to persons residing therein, is true.

In support of the doctrine that if one provision of a statute is invalid the other provisions are not affected by its invalidity unless they are so dependent upon each other that they cannot be divided without defeating the object of the statute, we are cited to the case of *Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71, wherein what seems to be the true rule is quoted from Lewis' Sutherland Stat. Construction, sec. 296, as follows:

"Where a part only of a statute is unconstitutional, and therefore void, the remainder may still have effect under certain conditions. . . . . The point or test is . . . . whether they are essentially and inseparably connected in substance. If so connected, the whole statute is void.

"If one provision of an enactment is invalid and the others valid, the latter are not affected by the void provision, unless they are plainly dependent upon each other, and so inseparably connected that they cannot be divided without defeating the object of the statute. And the converse is true."

It is said in *Cunningham v. Thompson*, 18 Ida. 149, 108 Pac. 898: "It is also settled in this state that if the provisions of an act are connected in subject matter, dependent on each other, and designed to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the legislature would have passed one without the other, then if one part fall the entire act must fall." (See, also, *Ferbrache v. Drainage Dist. No. 5,* 23 Ida. 85, and additional cases therein cited on page 94, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538.)

It seems to us the provisions of the chapter under consideration are essentially and inseparably connected in substance; that they are plainly dependent upon each other, and that they cannot be divided without defeating the object of the legislature, which was to give emergency employment to those in need of it and to share the burden of the expense thereby incurred between the county wherein the employment is given and the state at large.

Since secs. 12, 14 and 15 are clearly violative of the constitution, and since by sustaining the remaining sections a considerable burden of expense would be placed upon counties called upon to give emergency employment to a large number of persons from which burden counties required to employ few or none would be exempted and, since it is clear that it was not the intention of the legislature to do so, the entire chapter must be held to be invalid.

The demurrer to the application for a writ of mandate is sustained, the alternative writ heretofore issued is quashed, a peremptory writ is denied and the case is dismissed. Costs are awarded to defendants.

Sullivan, C. J., and Budge, J., concur.