(January 24, 1922.)

FRED HERRICK, Doing Business as the EXPORT LUM-
BER COMPANY, Plaintiff, v. E. G. GALLET, State
Auditor, Defendant.

[204 Pac. 477.]

CLAIM AGAINST STATE — APPROVAL OF BOARD OF EXAMINERS — AUDITOR
—APPROPRIATION—MANDAMUS TO COMPEL ISSUANCE OF WARRANT
—NECESSARY ALLEGATIONS — STATUTORY CONSTRUCTION — PAR-
TICULAR STATUTE—GENERAL STATUTE—NECESSARY INCONSISTENCY
—IMPLIED REPEAL.

1. No money can be drawn from the state treasury except in
pursuance of a valid appropriation.

2. The state auditor cannot legally draw a warrant to pay a
claim against the state, even though it has been allowed by the
state board of examiners, unless the legislature has made an ap-
propriation to cover it.

3. To constitute an appropriation, a legislative act must ex-
pressly authorize that certain specified funds shall be used for
certain specified purposes.

4. The act of the state board of examiners, in approving a
claim against the state, is not conclusive of the question as to
whether the legislature has appropriated money to pay the same.

5. An allegation that the legislature has appropriated money
for the payment of a claim is an essential allegation of a peti-
tion for a writ of mandate to compel the state auditor to draw a
warrant on the treasurer.

6. When two acts of the legislature deal with the same subject
matter, that one which is more minute and particular prevails.

7. When two acts of the legislature dealing with the same
subject matter are necessarily inconsistent, the later enactment
prevails over the earlier.

Original petition for Writ of Mandate. Demurrer sus-
tained.

Frank L. Moore, for Plaintiff.

Under the provisions of sec. 2666, C. S., the duties of
the defendant as state auditor are purely ministerial. (*In*

*re Huston,* 27 Ida. 231, 147 Pac. 1064; *Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065; *Gilbert· v. Moody,* 3 Ida. 3, 25 Pac. 1092; *Times Pub. Co. v. White,* 23 R. I. 334, 50 Atl. 383; *McKillop v. Board of Supervisors,* 116 Mich. 614, 74 N. W. 1050; *State v. Moore,* 1 Ohio Dec. 506; *Falk v. Strother,* 84 Cal. 544, 22 Pac. 676, 24 Pac. 110.)

The state board of examiners in passing upon and certifying to the state auditor claims against the state, acts in a judicial capacity in the exercise of a discretionary power. (*Pyke v. Steunenberg,* 5 Ida. 614, 51 Pac. 614; *Bragaw v. Gooding,* 14 Ida. 288, 94 Pac. 438.)

The state board of examiners is a constitutional tribunal, and in passing a claim under sec. 2666, C. S., and certifying the same to the state auditor, determines the existence of all facts prerequisite to the drawing of a warrant by the auditor to pay the claim. (*Kroutinger v. Board of Examiners,* 8 Ida. 463, 69 Pac. 279; *Bragaw v. Gooding,* 14 Ida. 288, 94 Pac. 438.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Defendant.

Sec. 3095, C. S., does not constitute an appropriation. (*Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744; *Kroutinger v. Board of Examiners,* 8 Ida. 463, 69 Pac. 279; *Jeffreys v. Huston,* 23 Ida. 372, 129 Pac. 1065; *Epperson v. Howell,* 28 Ida. 338, 154 Pac. 621.)

Sec. 2666, C. S., does not appropriate any moneys to pay such a claim as the plaintiff's. (Authorities above cited; *Oliver v. Bolinger* (Ark.), 225 S. W. 314.)

Where there are two statutes on the same subject, one statute dealing with the subject in a general and comprehensive way and another dealing with the same subject in a· more minute and definite way, the two should be read together and harmonized if possible, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. (*Oregon Short Line R. Co. v. Minidoka County,* 28 Ida. 214, 153 Pac. 424; *Boise City National Bank v. Boise City,* 15 Ida. 792, 100 Pac. 93.)

Statutes that pertain to the same subject matter should be construed together unless they are in conflict, and in case they are, the later or subsequent statute is deemed to repeal the former. (*Noble v. Bragaw,* 12 Ida. 265, 85 Pac. 903; Sutherland's Stat. Const., secs. 443, 447, 491.)

Sec. 2666, C. S., is inconsistent with the provisions of sec. 3095, C. S., and sec. 2666 being the later statute, will prevail over sec. 3095.

McCARTHY, J.—This is a petition for a writ of mandate to compel the defendant, the state auditor, to draw his warrant for the sum of $12,948.55 upon the state treasurer for the payment, out of the state fish and game fund, of a claim for that amount which has been allowed by the state board of examiners. The amount in question represents the difference between the contract price of timber removed by plaintiff from Heyburn Park, under two contracts between him and the state board of land commissioners, and the amount paid by him in purchase of the timber. In an action brought by the state in the district court of the eighth judicial district, the contracts were held to be invalid, as being in violation of the terms and conditions fixed by the Secretary of the Interior in issuing patent to the state from the United States in pursuance of an act of Congress authorizing the same, and Herrick was perpetually enjoined from cutting or removing trees or timber from Heyburn Park. The claim was presented to the state board of examiners, approved by it, and certified to the state auditor. The state auditor has refused to draw his warrant upon the state treasury against the state fish and game fund, and the plaintiff herein petitions for a writ of mandate to compel him to do so.

Plaintiff's petition alleges that the money in question was deposited with the state of Idaho to the credit of the fish and game fund and placed in and became and now is a part of said fund; that the board of examiners, on or about June 29, 1921, passed plaintiff's claim and certified the same to defendant as state auditor, as a just and valid

claim against the fish and game fund to be paid out of the moneys in said fund; that there has been, and now is in said fish and game fund sufficient money to pay said claim or any warrant issued thereon by defendant for the payment of the same. Defendant has demurred to the petition, thereby admitting all facts properly pleaded.

Plaintiff's contention may be summarized as follows: C. S., sec. 3095, provides that all improvements in Heyburn Park, together with the expenses of maintaining and governing the park, shall be paid out of the fish and game fund, and all revenue derived from the park shall be paid into such fund. C. S., sec. 2666, creates a continuing fund, to be known as the state fish and game fund, out of moneys derived from the operation of the fish and game bureau. The two sections taken together appropriated moneys in the state fish and game fund, including revenues derived from Heyburn Park, to the payment of claims arising out of expenditures in improving the park and the expenses of maintaining and governing the park. From these premises plaintiff's counsel concludes that there is money in the fish and game fund duly appropriated and available for the purpose of paying the claim. Counsel does not invoke the trust fund theory. Defendant's counsel contend that the warrant cannot be legally issued unless there has been such an appropriation; that the petition fails to show such an appropriation; that it therefore fails to state a cause of action; and the demurrer should be sustained.

The state constitution, VII, 13, provides that no money shall be drawn from the treasury but in pursuance of appropriations made by law. C. S., sec. 141, subdiv. 14, provides that it is the duty of the state auditor to draw warrants on the treasurer for the payment of moneys directed by law to be paid out of the treasury, but no warrant must be drawn unless authorized by law. No warrant can issue to pay a claim, even though allowed by the board of examiners, until the legislature has made an appropriation to cover the same. (*Kroutinger v. Board of Examiners*, 8 Ida. 463, 69 Pac. 279.)

As to what constitutes an appropriation, this court has used the following language:

"While it is true no set form of words is necessary to make an appropriation, language should be used that would show an intent of the legislature to make an appropriation. The mere declaration that certain charges against the state must be paid out of the state treasury does not necessarily make an appropriation. . . . ." (*Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744.)

"'An appropriation within the meaning of the section of our constitution last above quoted (VII, 13) is authority from the legislature expressly given in legal form, to the proper officers, to pay from the public moneys a specified sum, and no more, for a specified purpose, and no other. It follows that no money may lawfully be paid from the treasury except pursuant to and in accordance with an act of the legislature expressly appropriating it to the specific purpose for which it is paid." (*Epperson v. Howell,* 28 Ida. 338, at 343, 154 Pac. 621, 623.)

Plaintiff's counsel contends that the board of examiners acts *quasi*-judicially in passing on claims against the state. This contention is sound. (*Pyke v. Steunenberg,* 5 Ida. 614, 51 Pac. 614; *Bragaw v. Gooding,* 14 Ida. 288, 94 Pac. 438.) He also contends that after a claim has been allowed by the board of examiners the duty of the auditor to draw the warrant is purely ministerial. This contention is also sound. (*In re Huston,* 27 Ida. 231, 147 Pac. 1064.) From these premises he concludes that the act of the state board of examiners in approving the claim has the effect of a conclusive decision that there is money in the treasury appropriated by the legislature to pay it, which prevents the defendant from raising, and this court from entertaining, the question as to whether there is such an appropriation. With this conclusion we do not agree. Const., VII, 13, prohibits any officer created under the constitution and laws of the state from paying money out of the state treasury, except in accordance with an appropriation made

35 Idaho—2

by law. (*Jeffreys v. Huston*, 23 Ida. 372, 129 Pac. 1065.) The board of examiners has power to examine all claims against the state except salaries or compensations of officers fixed by law and perform such other duties as may be prescribed by law. (Const., IV, 18.) We do not find any provision of the constitution or the statutes which empowers the board to conclusively decide that there is an appropriation available to pay the claim. C. S., sec. 239, provides that on all accounts submitted to the board for action the state auditor must certify that there are funds in the state treasury out of which the same may lawfully be paid, and C. S., sec. 242, provides that no claim shall be examined, considered or acted upon by the board unless the state auditor shall have so certified. These statutes, however, cannot have the effect of making the certificate of the auditor, or order of the board, conclusive of the matter. When the question is raised, it is the duty of this court to enforce the provisions of Const., VII, 13. Plaintiff has no right to a writ of mandate from this court directing the auditor to draw a warrant upon the treasurer for the payment of his claim unless it appears that there is money in the treasury duly appropriated for that purpose. An allegation of such appropriation is necessary to a statement of a cause of action. The vital question in this case is: Does the petition allege such an appropriation?

Plaintiff relies upon secs. 2666 and 3095 to establish an appropriation. Sec. 3095, enacted in 1911, reads as follows:

"Sec. 3095. All improvements within said park [Heyburn Park] shall be made under direction of the department of public works and all costs of such improvements, together with the expense of maintaining and governing said park shall be paid out of the fish and game fund, and all revenue derived from said park shall be paid into said fund."

C. S., sec. 2666, enacted in its present form by Session Laws '19, Chap. 65, sec. 49, p. 238, reads as follows:

"Sec. 2666. There is hereby established a fund to be known as the state fish and game fund, which shall consist of any moneys now in said fund and of all moneys received from the sale of licenses and permits or either of them of whatsoever kind, nature or class; of all moneys received from fines or forfeitures of whatsoever kind, nature or amount as provided in this chapter; and of all moneys received from the sale of such personal property owned by the state fish and game department as may be found of no further use to said department and from the sale of such articles of personal property as may by said department be confiscated under the provisions of this chapter, including the sale of confiscated fish and game; and of all other funds arising from moneys from whatsoever source or sources derived, and are set aside for the carrying out of the provisions of this chapter. All moneys derived as aforesaid shall be turned over to the state treasurer who shall deposit the same in the state fish and game fund as herein provided; and all moneys at any time in said state fish and game fund are hereby appropriated for the purposes of defraying the expenses, debts and costs incurred in carrying out the provisions, objects and purposes of this chapter, and for no other purpose whatsoever and all claims against said state fish and game fund shall be carefully and minutely examined by said state fish and game warden, passed by board of examiners and certified to the state auditor who shall thereupon draw his warrant against said state fish and game fund for all bills and claims so allowed."

Plaintiff's counsel contends that these two sections, read together, constitute an appropriation of moneys in the state fish and game fund for the payment of plaintiff's claim. There is room for gravest doubt as to whether sec. 3095 was a valid appropriation of the fish and game fund for the purposes named, and whether the language used in describing those purposes included such a claim as plaintiff's. But, if both these points be conceded, this does not make out a case for plaintiff. Sec. 3095 was impliedly repealed by sec. 2666. The latter section provides that the moneys

in the state fish and game fund are hereby appropriated for the purposes of defraying the expenses, debts, and costs incurred in carrying out the provisions, objects and purposes of the chapter of which it is part, and for no other purposes whatsoever. The chapter in question, being chapter 126 of Title 23, refers exclusively to the conservation of fish and game by the fish and game bureau, and has no reference to Heyburn Park, its improvement or maintenance. Both statutes refer to the fish and game fund. Where two acts deal with a common subject matter, the one which deals with it in the more minute and particular way will prevail. (*Boise City Nat. Bank v. Boise City*, 15 Ida. 792, 100 Pac. 93; *Oregon Short Line R. Co. v. Minidoka County*, 28 Ida. 214, 153 Pac. 424; *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965.) If two acts dealing with a common subject matter are necessarily inconsistent, the later statute is deemed to impliedly repeal the earlier. (*Noble v. Bragaw*, 12 Ida. 265, 85 Pac. 903; *Peavy v. McCombs, supra.*) Sec. 2666 is the later act and enumerates specifically the purposes for which the fish and game fund is appropriated. Expenses in connection with Heyburn Park, not being mentioned, are necessarily excluded. If it were conceded that sec. 2666 constitutes a valid continuing appropriation of the fish and game fund for the purposes expressly mentioned, it certainly would not cover the plaintiff's claim.

We conclude that the petition does not allege a valid appropriation for the payment of plaintiff's claim, and that, on the facts set forth in the petition, the defendant was justified in refusing to issue a warrant. Defendant's demurrer to plaintiff's petition is sustained, with leave to plaintiff to amend within 15 days if he cares to do so. In the event of no amendment, judgment will be that plaintiff's action be dismissed, with costs to defendant.

Rice, C. J., and Dunn and Lee, JJ., concur.