(February 20, 1922.)

BLAINE COUNTY INVESTMENT COMPANY, a Corporation, Plaintiff, v. E. G. GALLET, Auditor of the State of Idaho, Defendant.

[204 Pac. 1066.]

LEGISLATIVE APPROPRIATION—REQUIREMENTS OF VALID APPROPRIATION—AUTHORIZED MAXIMUM NECESSARY—INDEFINITE AUTHORIZATION TO STATE AUDITOR TO DRAW WARRANTS ON GENERAL FUND INSUFFICIENT.

1. Under art. 7, sec. 13, of the state constitution, an appropriation is authority of the legislature given at the proper time and in legal form to the proper officers to apply a specified sum from a designated fund out of the treasury for a specified object or demand against the state.

2. The legislative power to appropriate money from the treasury of the state cannot be delegated. If the exact amount of dis-

---

Publisher's Note.

1. What constitutes valid appropriation of public moneys, see notes in 22 Am. St. 638; Ann. Cas. 1915A, 1240.

bursements to be provided for cannot be ascertained in advance, the legislative act must itself fix the maximum amount authorized to be expended for a specified purpose.

3.  C. S., sec. 1032, provides that the department of reclamation shall, at the request of the district judge, in a water adjudication suit, make an examination and survey of the stream in question, and present an itemized statement of the expense thereof to the state auditor, and "Said auditor shall present the same to the state board of examiners, and if allowed by them in whole or in part, the auditor shall draw warrants on the general fund in favor of the parties entitled thereto, and the treasurer shall pay the same out of said fund." *Held,* that the legislature did not by this act appropriate the entire general fund for the purpose specified, that it did not in fact appropriate any definite portion of that fund, and that no appropriation of money from the state treasury was made by said section.

Original petition for Writ of Mandate. *Demurrer sustained and petition dismissed.*

Peterson & Coffin, for Plaintiff.

The constitution does not require that the appropriation shall be for a fixed sum, and whatever the state constitution does not prohibit, the legislature may do. (*People v. Miner,* 46 Ill. 384, 386.)  ·

In the absence of such a constitutional limitation, the legislature may appropriate money for given objects without specifying the amount or fixing a maximum limit. (*State v. Anderson,* 33 S. D. 574, 146 N. W. 703; *Highgate v. State,* 59 Vt. 39, 7 Atl. 898; *Campbell v. Board of Commissioners,* etc., 115 Ind. 591, 18 N. E. 33; *Henderson v. Board of Commissioners,* 129 Ind. 92, 28 N. E. 127, 13 L. R. A. 169; *State v. Henderson,* 199 Ala. 244, 74 So. 344, L. R. A. 1917F, 770; *State Board of Charities, etc., v. Hays,* 190 Ky. 147, 227 S. W. 282; *Bosworth v. Harp,* 154 Ky. 559, Ann. Cas. 1915C, 277, 157 S. W. 1084, 45 L. R. A., N. S., 692; *Norcross v. Cole,* 44 Nev. 88, 189 Pac. 877,)

Roy L. Black, Attorney General, and Dean Driscoll, First Assistant, for Defendant.

The statutory direction to pay is not an appropriation within the meaning of art. 7, secs. 11 and 13 of the constitution, for it contains no limit by fund or amount. (36 Cyc. 892; Ann. Cas. 1915A, 1241; *Kingsbury v. Anderson,* 5 Ida. 771, 51 Pac. 744; *Kroutinger v. Board of Examiners,* 8 Ida. 463, 69 Pac. 279; *Epperson v. Howell,* 28 Ida. 338, 154 Pac. 621; *Herrick v. Gallet, ante,* p. 13, 204 Pac. 477; *State v. Eggers,* 29 Nev. 469, 91 Pac. 819, 16 L. R. A., N. S., 630; *State v. Moore,* 50 Neb. 88, 61 Am. St. 538, 69 N. W. 373; *State v. La Grave,* 23 Nev. 25, 62 Am. St. 764, 41 Pac. 1075.)

While a definite limit is required in appropriation acts it is not necessary that this be by specific amount or by dollars and cents. (*Holmes v. Olcott,* 96 Or. 33, 189 Pac. 202; *People v. Miner,* 46 Ill. 384; *State v. Anderson,* 33 S. D. 574, 146 N. W. 703; *Norcross v. Cole, supra; Atkins v. State Highway Department* (Tex. Civ.), 201 S. W. 226.)

BUDGE, J.—In October, 1920, the plaintiff instituted an action in the district court for Butte county to determine and adjudicate the priority of rights to the use of water from the Little Lost River and its tributaries, and on November 5, 1921, the cause being at issue, upon application of plaintiff and after due notice, the district judge made and entered an order pursuant to C. S., sec. 7032, requesting the Department of Reclamation to make an examination and survey of the streams involved, and to make and file with the clerk of the court a report thereof. Pursuant to this order, the Commissioner of Reclamation on November 14, 1921, appointed one Bickel, a special deputy, to° conduct the survey, and the latter on November 16, 1921, preparatory to making the field survey, examined the records in the office of the department, and submitted to the defendant, as State Auditor, a bill, approved by the commissioner, for such services. On December 3, 1921, the defendant notified the commissioner of his refusal to certify said bill to the State Board

of Examiners upon the ground that there is no appropriation for such expenses, whereupon this proceeding was begun for a peremptory writ of mandate directed to and commanding the defendant as State Auditor to certify said bill to the State Board of Examiners as provided in C. S., sec. 7032.

The defendant has filed a general demurrer to the petition, by which two questions are raised, viz., first: Is there an appropriation out of which the claim in question can be paid? and, second: If there is such an appropriation, will the payment of such claim constitute the loaning of state funds and credit to private persons and corporations? The determination of the first question, however, will dispose of this case.

Art. 7, sec. 13, of the constitution provides that: "No money shall be drawn from the treasury, but in pursuance of appropriations made by law."

It is admitted that if any appropriation exists out of which the claim here involved can be paid, it is contained in C. S., sec. 7032, and particularly in the portion italicized below. The section, so far as material to this case, reads as follows:

"Whenever suit shall be filed in the district court for the purpose of adjudicating the priority of rights to the use of water from any stream in the state, and before such adjudication is made the judge of such court shall request the department of reclamation to make an examination of such stream, . . . . in the manner provided in section 5604, . . . .

"Whenever the department of reclamation shall make such examination at the request of the court or the judge thereof, it shall make out, in duplicate, an itemized statement showing the cost of making such examination and survey, specifying the amount of each item for labor, supplies and other expenses, and the name of the person or company entitled to payment therefor, and shall verify the same . . . . , and shall forward such statement to the state auditor. *Said auditor shall present the same to the state board of examiners, and if allowed by them, in whole or in part, the*

*auditor shall draw warrants on the general fund in favor of the parties entitled thereto, and the treasurer shall pay the same out of said fund.* The sum so allowed by the state board of examiners shall be forthwith certified by the state auditor to the judge and clerk of the court in which said suit shall be pending, and the same shall constitute a part of the costs and disbursements in said cause. . . . . .''

It will be noted that sec. 13 of art. 7 of the constitution does not define an appropriation nor specify when or how an appropriation by law shall be made, and these important matters are, therefore, proper subjects for judicial interpretation.

An appropriation in this state is authority of the legislature given at the proper time and in legal form to the proper officers to apply a specified sum from a designated fund out of the treasury for a specified object or demand against the state. (*Menefee v. Askew*, 25 Okl. 623, 107 Pac. 159, 27 L. R. A., N. S., 537; *Herrick v. Gallet, ante,* p. 13, 204 Pac. 477.)

See, also, *Kingsbury v. Anderson*, 5 Ida. 771, 51 Pac. 744; *Kroutinger v. Board of Examiners*, 8 Ida. 463, 69 Pac. 279; *In re Huston*, 27 Ida. 231, 147 Pac. 1064; *Epperson v. Howell*, 28 Ida. 338, 154 Pac. 621; *State ex rel. Davis v. Eggers*, 29 Nev. 469, 91 Pac. 819, 16 L. R. A., N. S., 630; *Holmes v. Olcott*, 96 Or. 33, 189 Pac. 202; *People v. Brooks*, 16 Cal. 11; *Carr v. State*, 127 Ind. 204, 23 Am. St. 624, 26 N. E. 778, 11 L. R. A. 370.

The purpose sought to be accomplished by sec. 7032, *supra,* clearly appears therein, but the amount of money to be appropriated or devoted to that purpose is uncertain, in that no maximum is fixed.

It is said in *State ex rel. Davis v. Eggers, supra,* that: ''As all appropriations must be within the legislative will, it is essential to have the amount of the appropriations, or the maximum sum from which the expenses could be paid, stated. This legislative power cannot be delegated nor left to the recipient to command from the state treasury sums

to any unlimited amount for which he might file claims. True, the exact amount of these expenses cannot be ascertained nor fixed by the legislature when they have not yet been incurred, but it is usual and necessary to fix a maximum . . . . specifying the amount above which they cannot be allowed.''

The wisdom of the rule above announced is so apparent that we are not disposed to question it. (*State ex rel. Turner v. Henderson,* 199 Ala. 244, 74 So. 344, L. R. A. 1917F, 770.) Sec. 13 of art. 7 was obviously inserted in the constitution to prevent the expenditure of the people's treasure without their consent. (*State v. Burdick,* 4 Wyo. 272, 33 Pac. 125, 24 L. R. A. 266.) Its purpose is ''to secure regularity, punctuality, and fidelity in the disbursements of the public money.'' (3 Story's Commentaries, sec. 1342.) The citizens and taxpayers have a right to know how much money is appropriated for any specific purpose and to limit expenditures of public moneys accordingly.

Plaintiff contends, however, that inasmuch as the general fund, as provided by C. S., sec. 161, is designated as the fund out of which the expenses mentioned in sec. 7032, *supra,* are to be paid, therefore the general fund is set apart for that purpose, and the amount of money in that fund is the maximum amount appropriated. A somewhat similar contention was made in *Kingsbury v. Anderson, supra,* with respect to which this court said:

''If, by the provisions of said section . . . . (Rev. Stats., sec. 1685), an appropriation is made, it is limited only by the necessity of the case, and, if necessity required it, the entire revenue of the state could be diverted to that purpose. . . . . While it is true no set form of words is necessary to make an appropriation, language should be used that would show the intention of the legislature to make an appropriation. The mere declaration that certain charges against the state must be paid out of the state treasury does not necessarily make an appropriation, for without such declaration all charges against the state that are paid are

paid out of the state treasury. It is out of the state treasury that the state pays its obligations. But under said section 13 of the constitution of Idaho no money can be drawn from the treasury except on appropriation made by law, no matter how just claims against the state may be.''

Inasmuch as sec. 7032, *supra,* does not purport to appropriate any fixed sum, if anything was appropriated thereby it was the entire general fund, and we would hesitate to hold, in the absence of express language to that effect, that the legislature intended to set aside the greatest fund of the state, out of which practically all the state administrative expenses are paid, for the purpose of paying expenses incident to the examination and survey of streams which may become involved in litigation. If the legislature had intended to make an appropriation by this section, of the general fund, for an uncertain length of time, they would have expressed that intention in unequivocal terms. (*State v. Ristine,* 20 Ind. 345.)

As is said in *Shattuck v. Kincaid,* 31 Or. 379, 49 Pac. 758: `` . . . . in every instance it becomes a question of legislative intent to be gathered under the settled rules of interpretation from the language employed, the context, the necessity for the enactment, and purpose to be accomplished considered in the light of contemporaneous circumstances.''

Conceding that under the present policy of this state the legislature may make a continuous appropriation, it is clear to our minds that the legislature did not intend to appropriate the entire general fund, and that it did not appropriate any definite portion of that fund, for the purpose mentioned in sec. 7032, *supra,* and therefore that no appropriation was made by said section.

It follows that the demurrer to the petition should be sustained, and the petition dismissed, and it is so ordered.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.