(90 South. 337)

**STATE ex rel. CHANDLER v. LEE, State Auditor. (3 Div. 404.)**

(Court of Appeals of Alabama. June 14, 1921. Rehearing Denied July 19, 1921.)

**Prisons** ⬉18(8)—Where sheriff properly reports bill for feeding prisoners, state auditor must issue warrant, although sheriff has not complied with rules of state prison inspector.

In view of Acts 1920, p. 28, §§ 1–6, relating to the duties of the state prison inspector, where a sheriff has given a list of all state and county prisoners, dates committed, dates discharged, and number of days in jail, setting out the amount of money expended for feeding prisoners during the preceding month, he has complied with the statute and the state auditor should issue a warrant to cover his bill, and he cannot base a refusal on the failure of the sheriff to furnish the state prison inspector a daily ration sheet or bill of fare required by rule promulgated by such inspector.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition by the State of Alabama, on the relation of William Chandler, as sheriff, for mandamus to be directed to H. F. Lee, as State Auditor, requiring him as such officer to audit and issue a warrant to cover feed bill for prisoners for the month of April, 1921. From a decree denying the writ, complainant appeals. Reversed and remanded, and certiorari denied 206 Ala. 699, 90 South. 925.

The agreed statement of facts avers that William Chandler was sheriff of Etowah county in April, 1921, that he had charge of the jail during that time, and that he fed the prisoners there for that month. It is further agreed that on or before the 10th day of May, 1921, the said William Chandler, as said sheriff, petitioner herein, furnished to the court of county commissioners of Etowah county, to the state auditor, and to the state prison inspector a statement, a copy of which is attached to the petition in this cause as Exhibit A thereto, the said statement of which said Exhibit A to the petition is a copy, being made out on a form furnished to said sheriff for making said report by the state prison inspector and by the state auditor. The refusal of respondent to audit said account and to draw a warrant therefor in favor of the petitioner as provided by law is based wholly upon the failure or refusal of said petitioner to furnish to the state prison inspector the said daily ration sheet or bill of fare for said month of April, 1921, as required by the rule or regulation made and promulgated by the state prison inspector hereinafter mentioned.

It is further agreed that prior to said month of April, 1921, the said state prison inspector made and promulgated a rule or regulation requiring the sheriffs in Alabama to furnish to said state prison inspector a daily ration sheet or bill of fare, copy of which is attached as Exhibit A to respondent's answer in this cause; that petitioner herein had, prior to said month of April, 1921, received notice of said order of the state prison inspector, and had received from said state prison inspector copies of said form prescribed for sheriffs upon which to make out said daily ration sheet or bill of fare, of which form Exhibit A to respondent's answer is a copy; that petitioner had been informed by said state prison inspector of said order, and had been required as aforesaid to furnish upon said forms of daily ration sheet a report to said state prison inspector each month, showing the daily ration and bill of fare furnished to such prisoners by said sheriff; that petitioner has

wholly failed or refused to make out and furnish to the state prison inspector the said daily ration sheet or bill of fare for said month of April, 1921. It is agreed that the respondent, said state auditor, did not have available to him the said report, showing the daily ration or bill of fare required by said state prison inspector to be furnished to him by said sheriff as aforesaid for said month of April, 1921.

The sheriff filed with the auditor the names of the prisoners, their color, sex, charge, authority for charge, discharge, date committed, date discharged, days in jail, rate per day, together with sheriff's allowance on same, but did not file with the inspector of prisons daily ration sheet, etc.

Motley & Motley, of Gadsden, and N. D. Denson & Sons, of Opelika, for appellant.

It is not necessary that the sheriff file with the state prison inspector the bill of fare, and, that being an executive order, with no penalty fixed by the Legislature, state auditor and the state prison inspector were without authority to fix a penalty by a failure or refusal to pay. Acts Spec. Session 1920, p. 28; 15 Icwa, 551; 133 Mass. 372; 62 Ala. 215; 49 Ala. 552; 17 Ala. App. 419, 84 South. 883; 16 Ala. App. 62, 75 South. 268; 82 Ala. 242, 2 South. 345; 88 Cal. 491, 26 Pac. 375, 22 Am. St. Rep. 321; Throop on Public Officers, § 500. In any event, the regulations are unreasonable and cannot be enforced. 182 Ala. 357, 62 South. 749.

Harwell G. Davis, Atty. Gen., and Bernice Summers Osgoode, Asst. Atty. Gen., for appellee.

The contention is governed by sections 3, 4, 5, and 6, Acts Spec. Session 1920, p. 28. The auditor is not required to draw his warrant, unless in his discretion the warrant is authorized by other facts within his official knowledge. 44 Ala. 586; 62 Ala. 215; 49 Ala. 552; 185 Ala. 384, 64 South. 364; section 6646, Code 1907; 55 Ala. 262; 54 Ala. 47; 42 Ala. 516; 202 Ala. 274, 80 South. 112; 59 Ala. 130; 180 Ala. 639, 61 South. 963. The duty was on the sheriff to file his bill of fare and daily menu. 36 Cyc. 867, 902; 104 Kan. 184, 178 Pac. 448; 77 Ala. 422, 54 Am. Rep. 65. The Legislature had the right to delegate to the prison inspector to establish and enforce rules and regulations. 17 Ala. App. 419, 84 South. 883; 16 Ala. App. 682, 81 South. 199; 16 Ala. App. 88, 75 South. 636; 16 Ala. App. 554, 80 South. 127. Mandamus will not lie in this case. 36 Cyc. 904; 139 Cal. 398, 73 Pac. 174; 46 Cal. 73; 51 Or. 131, 94 Pac. 38; 51 Neb. 486, 71 N. W. 41.

MERRITT, J. This is a petition for mandamus to compel the state auditor to pay the feed bill of the sheriff of Etowah county, for the month of April, 1921. The petition was filed before and heard by Hon. Walter B. Jones, Judge of the circuit court of Montgomery county, and upon a hearing on an agreed statement of facts, the trial judge denied to petitioner the writ prayed for, and appeal is taken to this court. The agreed statement of facts will be set out in the report of the case, together with the exhibit referred to. The provisions of the act of the Legislature of 1920, approved September 30, 1920 (Acts 1920, p. 228) are determinative of the questions presented by this appeal. Under section 1 of this act it is the duty of the court of county commissioners, or boards of revenue, as the case may be, to supervise and control the feeding of all prisoners in the county jail over which they have jurisdiction, and by section 2 it is made the duty of the sheriff to feed the prisoners under his jurisdiction in accordance with the terms of the act. Not only is the duty conferred on the court of county commissioners or boards of revenue to supervise and control the feeding of prisoners, but it is made the duty of the state prison inspector by the provisions of section 6 to supervise the feeding of all prisoners in the jails of the state, and he is also given the power and authority to make and promulgate such rules and regulations, not inconsistent with law, for the feeding, preparation, and character of the food of all prisoners.

It is admitted that the feed bill furnished to the auditor by the sheriff is on a form or statement prepared by the auditor and the state prison inspector, and furnished the sheriff by them for such purpose. But the contention of the appellee is that the auditor rightly refused payment because the sheriff has not presented to the auditor an additional form or statement, which it is further admitted by all parties is a form prescribed by rules promulgated by the state prison inspector. We must then determine what the statement of the sheriff filed with the auditor should contain. Section 3 of the act sets out in detail how the state shall pay the sheriff for feeding prisoners—that is, the amount per day per prisoner according to the number of prisoners—and then there is an additional allowance to the sheriff of so much per capita per day, according to the scale therein enumerated for preparing and serving the food to prisoners. In our opinion section 4 lays down a clear, specific guide for the sheriff to follow in making out his statement, and when he has done this no other conditions can be placed upon him, so far as any action of the auditor is concerned in withholding the payment of the same. The itemized statement in detail called for by this section is not left to conjecture, but, as declared therein, he shall give a list of all state and county prisoners by name, race and sex, the offense

charged, authority for committing, disposition of prisoner, if sentenced, date committed, date sentenced, date discharged, the number of days in jail, and setting out the amount of money expended for purchasing and supplying all foodstuffs for feeding prisoners during the month immediately preceding. We also think the duty of the auditor, when this statement (singular) is received, is clear and unambiguous as expressed in section 5.

Much insistence is made by appellee that the duty to "thoroughly and carefully" examine the statement, placed upon the auditor, carries with it the duty to see if the sheriff has complied with the rules and regulations of the state prison inspector for feeding, preparation, and character of the food of the prisoners. If section 5 had stated that the auditor was to make a thorough and careful examination of the statement, and stopped, there might be something in this contention, and the case of Bragáw, State Auditor, v. Cooding, 14 Idaho, 288, 94 Pac. 438, and other cases cited by appellee, be in point; but it does not stop there, and, as the rule is so clearly laid down in section 4 as to what the sheriff's statement shall contain, so it is that section 5 prescribes, and we may say limits, the thorough and careful examination of the statement on the part of the auditor to an ascertainment of the fact as to whether or not the statement shows an expenditure on the part of the sheriff in excess of the total per prisoner per day as provided in section 3 of the act, and the duty of the auditor pointed out in case of such a contingency. The Legislature, in the face of the act, has designated what shall go into the statement, and it is not the province of the courts to say that other matters not enumerated should also be a prerequisite to the right of the sheriff to have his food bill paid.

As stated above, the terms of the act are plain and unambiguous, and, this being so, we are not called upon to wander in the broad field of statutory interpretation. We would not be understood as even intimating that the state prison inspector has no right to make and promulgate rules and regulations, not inconsistent with law, for feeding, preparation, and character of the food for all prisoners. Such right is clearly given him, but nowhere in this act is it declared that the sheriff should forfeit pay for feeding prisoners by noncompliance with such rules and regulations. It is made a misdemeanor under this act for any member of the court of county commissioners or boards of revenue, sheriff, or deputy, who violates any of the provisions of this act for which no specific penalty is provided, and in addition section 7474 of the Code provides:

"Any sheriff who knowingly receives from the state for feeding a prisoner or prisoners any sum of money to which he is not lawfully entitled, must, on conviction, be punished as if he had stolen it."

These questions, however, are not presented here, and need not be dealt with until raised. Under the plain terms of the act we conclude that the statement filed by the sheriff with the auditor in this case is such a statement as is called for by the provisions of the act, and that under section 5 it is the duty of the auditor to examine—

"said statement thoroughly and carefully and if the total expenditure for feeding state and county prisoners as contained therein does not exceed the amount allowed for feeding each state and county prisoner confined in said jail, as provided in section 3 of this act, he shall draw a warrant upon the state treasurer in favor of said sheriff for the amount so expended for feeding said prisoners. But if the said statement shows that the amount for feeding each state and county prisoner in said jail is in excess of the allowance as provided for in section 3 hereof, then the state auditor shall draw his warrant only for such an amount as will cover the expenditure for feeding said state and county prisoners per day, as provided for in section 3 hereof."

This act details the duty of the auditor in providing how the sheriff's statement shall be examined and cases cited on the duty of the auditor in general cannot control here.

The judgment of the trial court not being in harmony with the views herein expressed, the judgment denying the writ prayed for is reversed, and an order is here made granting the writ of mandamus as prayed for.

