[No. 8916.]

Mulnix, Auditor of State, v. Elliott.

Constitutional Law—*State Survey.* Chapter 161 of the Laws of
1915, providing for the appointment for the Survey Committee of State
Affairs, imposes upon the committee no duty but the making of in-
vestigations and recommendations directed to the more efficient and
economical management of state institutions, and departments, and
is not in violation of article III, or the eighth section of article V of
the Constitution. (50, 51.)

*Error to Denver District Court.* Hon. A. Watson
McHendrie, Judge.

Hon. Fred Farrar, Attorney General, Mr. Norton
Montgomery, and Mr. Frank C. West, Assistant Attor-
neys General, for plaintiff in error.

Mr. Henry J. Hersey, for defendant in error.

The Twentieth General Assembly passed an act en-
titled and which so far as material to consider is as fol-
lows:

*"Survey Committee of State Affairs.*

AN ACT

To provide for a survey of the several institutions,
boards, bureaus, departments, commissions and other
sub-divisions of the state government for the purpose
of securing greater efficiency and economy; to provide a
method of making said survey and putting into effect

recommendations resultant therefrom; and making appropriation to defray the expense of said survey.

*Be It Enacted by the General Assembly of the State of Colorado*:

Section 1. There is hereby created a board or committee which shall be known as the Survey Committee of State Affairs, consisting of two senators, one of whom shall be the President of the Senate, and one shall be appointed by the President of the Senate; two representatives, one of whom shall be the Speaker of the House, and one appointed by the Speaker of the House, and three citizens not members of the Legislature, appointed by the Governor. Said members of said committee shall serve without compensation.

Sec. 2. It shall be the duty of said Survey Committee to make a thorough study of all institutions, boards, bureaus, departments, commissions and other sub-divisions of the government, and ascertain facts concerning the organization, functions, activities, methods, efficiency of employees, and such other facts as may be necessary or desirable to enable it to make recommendations for the purpose of securing greater economy and efficiency in the State government. For the purpose of performing the duties imposed upon it by this act, said Survey Committee is authorized to appoint, employ and fix the rate of compensation of investigators, accountants, other experts, clerical and stenographic assistants as may be necessary for the proper making of the survey and the recommendations resultant therefrom, and putting into effect said recommendations as hereinafter provided.

Sec. 3. In performing the duties imposed upon it by this act, said Survey Committee shall have whole power and authority to subpoena witnesses, administer oaths, and to examine into and compel the production of books, papers and documents.

Sec. 4.  The Survey Committee shall, from time to time, submit reports of its findings and recommendations to the Governor, who shall submit such findings and recommendations to the heads of the several institutions, boards, bureaus, departments, commissions and other sub-divisions of the State government, in order that such recommendations as are feasible and desirable, and do not require legislative action, may be put into effect.

Sec. 5.  The Governor shall submit to the next regular session of the Legislature a report of the activities, findings and recommendations of said Survey Committee, together with a statement of recommendations put into effect following the survey, and a statement of such legislation as he considers necessary and desirable for carrying out such recommendations as require legislation.''

Appropriations are then made to defray the expenses necessary to carry out the purpose of the act. Chapter 161, Session Laws, 1915.

Defendant in error, as petitioner, instituted an action in mandamus to compel the Auditor of State, as respondent, to issue him a warrant for expenses incurred as a member of the Survey Committee contemplated by the foregoing act.  It is unnecessary to state the averments of the alternative writ further than to note it appears therefrom that petitioner was a member of the upper house of the Twentieth General Assembly, as the questions presented for determination relate solely to the constitutionality of the act.  Respondent moved to quash the alternative writ upon the following grounds: (1) That the act is unconstitutional and void because in conflict with article III of the Constitution of the state, in that it is thereby attempted to confer executive duties upon members, or a committee of members of the Twentieth General Assembly, and is therefore an attempted encroachment by the legislative department upon the exe-

cutive department of the state. (2) The act attempts to create a board or committee, the members of which would be civil officers of the state, and to fill such offices to the extent of a majority of the committee, by the appointment of two members of the Senate, and two members of the House of Representatives of the state, and therefore, is in conflict with section 8 of article V of the Constitution. (3) That the petitioner is and at all times since the passage of the act has been a member of the state Senate and is therefore without qualification to serve as a member of the Survey Committee, and without authority to incur any expenses in connection therewith. This motion was overruled. Upon refusal of the respondent to further plead, a peremptory writ of mandamus was ordered. Respondent brings the case here for review on error, and presents the questions raised by the motion to quash in the court below.

The constitutional provisions referred to in the motion are as follows:

"Article III. Distribution of Powers. The powers of the government of this state are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted."

"Section 8, Article V. Members precluded from holding office.—No senator or representative shall, during the time for which he shall have been elected be appointed to any civil office under this state; * * *."

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Counsel for plaintiff in error urge that the judgment of the trial court should be reversed for the following reasons: "First, that the act in question, if the commit-

tee therein provided for be regarded as a joint committee of the senate and house, is void as in conflict with article III of the Constitution of Colorado, in that the duties and powers attempted to be imposed and conferred upon said committee are executive and not legislative in character; second, that said act, if regarded as creating not a legislative committee, but an executive board or commission, is void as in conflict with section 8 of article V of the Constitution of Colorado.'' In considering these propositions it is therefore only necessary to determine, and all we do determine, is whether the duties imposed and powers conferred upon the committee by the act are executive. If they are, then on the authority of *Stockman v. Leddy*, 55 Colo. 24, 129 Pac. 220, the act is unconstitutional.

The act requires the committee to make a study of the several departments and subdivisions of the state government for the purpose of ascertaining such facts as may be necessary or desirable to enable it to make recommendations for the purpose of securing greater economy and efficiency in the state government. In order to bring this about it is made the duty of the committee to submit reports of its findings and recommendations to the Governor, who shall submit the same to the heads of the departments and subdivisions of the state government, so that such recommendations as are feasible and desirable and do not require legislation, may be put into effect; and lastly, the Governor is required to submit to the next regular session of the General Assembly a report of the findings and recommendations of the committee, together with a statement of its recommendations put into effect, and a statement of such legislation as he considers necessary and desirable to carry out the recommendations of the committee, which require legislative action. In brief, the act imposes upon the committee nothing more than the duty of making investigations and

recommendations which will result in a more efficient and economic management of state institutions, and the departments of the state government, and assist the Governor in furnishing the next regular session of the General Assembly with information which will enable it to enact laws for the same purposes. In the performance of this duty not a single executive function is exercised by the committee. It cannot put any of its recommendations into effect, nor does the act purport to confer upon the commitee any executive authority whatever, and hence, from the premise upon which the argument of counsel for plaintiff in error is based, does not violate either of the constitutional provisions invoked.

The *Stockman* case, however, is relied upon to sustain the contention that the act is unconstitutional. The act in that case was essentially different from the one under consideration. It attempted to confer authority upon a committee which by the Constitution was vested in the executive department of the state.

The judgment of the District Court is affirmed.

*Judgment affirmed.*

Decision *en banc*.

Mr. JUSTICE WHITE, Mr. JUSTICE HILL and Mr. JUSTICE BAILEY dissent.