(November 3, 1923.)

RENSSELEAR L. CURTIS, as Receiver of the OVER-
LAND NATIONAL BANK OF BOISE, IDAHO, Plain-
tiff, v. C. C. MOORE, F. A. JETER and A. H. CON-
NER, as Members of the State Board of Examiners of
the State of Idaho, Defendants.

[221 Pac. 133.]

MANDAMUS—CLAIM AGAINST STATE—BOARD OF EXAMINERS—JURISDIC-
TION OF BOARD—JURISDICTION OF SUPREME COURT.

The supreme court is without jurisdiction to direct or command
how the board of examiners shall act on claims against the state.

Original application for writ of mandate. *Denied.*

Richards & Haga, for Plaintiff, cite no authorities on
point decided.

A. H. Conner, Attorney General, and Herbert Wing,
Asst., for Defendants.

"We know of no authority vested in this or any other
court which would authorize them to direct how the board
of examiners should act in any case." (*Pyke v. Steunen-
berg,* 5 Ida. 614, 51 Pac. 614; *Bragaw v. Gooding,* 14 Ida.
288, 94 Pac. 438.)

*Mandamus* will not lie to control the board's discretion
or direct its decisions. (*Board of Commrs. v. Mayhew,* 5
Ida. 572, 51 Pac. 411; *Connolly v. Woods,* 13 Ida. 591, 92
Pac. 573; *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40; *Black-
well Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42; *Saint
Michael's Monastery v. Steele,* 30 Ida. 609, 167 Pac. 349;
*Lamberton v. McCarthy,* 30 Ida. 707, 168 Pac. 11; *Laird
v. Terrell,* 32 Ida. 734, 187 Pac. 1081.)

McCARTHY, J.—This is an original application for a
writ of mandate. One C. A. Bicknell contracted with the
state of Idaho to build a portion of the state highway and
borrowed the necessary money from the Overland National

38 Idaho.—13

Bank. The state retained, until completion of the contract, five per cent of the amount due the contractor, or $5,587.19. Bicknell assigned to the bank his claim for the retained percentage to secure payment of the loan. The amount of the loan unpaid and owing exceeds the retained percentage. Plaintiff is receiver of the bank. The contract was completed, the work accepted, and the claim approved by the department of public works. During the time he was performing his contract Bicknell became indebted to the State Insurance Fund for premiums due for workmen's compensation insurance in an amount substantially the same as that due him under the contract. The department in charge of the State Insurance Fund secured no assignment of and made no levy against the amount due Bicknell on the contract. Defendants, the members of the state board of examiners, have examined said claim and admit its validity, but decline to approve it, solely upon the ground that it is offset by the amount due the State Insurance Fund from Bicknell. On the above facts plaintiff prays a writ of mandate commanding defendants to approve the claim. Defendants have demurred to the petition on the ground it does not state facts sufficient to entitle plaintiff to the issuance of the writ prayed for.

Has this court jurisdiction to issue a writ of mandate, as prayed for, ordering defendants as the state board of examiners to allow plaintiff's claim? The board of examiners has power to examine all claims against the state except salaries or compensations of officers fixed by law. (Const., IV, 18.)

"The supreme court shall have original jurisdiction to hear claims against the state, but its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the legislature for its action." (Const., V. 10.)

Under these constitutional provisions, this court is without jurisdiction to command how the board of examiners shall act upon claims against the state. To do so would be a clear usurpation of authority. (*Pyke v. Steunenberg,*

5 Ida. 614, 51 Pac. 614; *Bragaw v. Gooding,* 14 Ida. 288, 94 Pac. 438.) Nor can it make any difference whether the issue before the Board with reference to the allowance of a claim against the state is one of law or of fact, or a mixed question of law and fact. Such considerations cannot diminish or enlarge the power of the board or of this court. This court is without jurisdiction to issue the writ of mandate prayed for in this action, commanding the board of examiners to allow this claim. The demurrer is sustained, the alternative writ is quashed, and the cause dismissed, with costs to defendants.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.