350 P.2d 353

**Wm. R. PADGETT, Plaintiff,**

**v.**

**Joe R. WILLIAMS, State Auditor, Defendant.**

**No. 8829.**

Supreme Court of Idaho.

March 4, 1960.

Rehearing Denied March 28, 1960.

Frank L. Benson, Atty. Gen., E. G. Elliott, Thos. Y. Gwilliam, Asst. Attys. Gen., for defendant.

Wm. R. Padgett, Oscar W. Worthwine, Boise, for plaintiff.

TAYLOR, Chief Justice.

Pursuant to the permanent writ of mandate issued herein on February 19, 1960, the defendant made return March 2, 1960, of

his actions thereunder, in which he represents and shows to this court as follows:

"* * * that on the 26th day of February, 1960, he duly and formally presented plaintiff's claim to the State Board of Examiners as directed by said Writ; that on the 2nd day of March, 1960, said Board of Examiners took final action on said claim and approved in part and disapproved in part, by approving it for the period of time between August 1, 1959 and August 6, 1959 and disapproving for the period of time between August 7, 1959 and August 31, 1959 and on one ground in particular that the claim was not properly chargeable against the highway appropriation."

The defendant further alleges that the action of the board leaves him in doubt as to his duty in the premises "and respectfully petitions this Court for further instructions directing him how to proceed."

 The minutes of the board of examiners, of which this court takes judicial notice, I.C. § 9–101, show that meetings of the board, at which action was taken on plaintiff's claim, were held on February 26, 1960, and on March 2, 1960. At both meetings, upon motion made by the attorney general, the plaintiff's claim for services rendered to the state board of highway directors from the 6th of August, 1959, to the end of the month, was denied. The motions were based upon the same ground, and were carried by the votes of the attorney general and secretary of state. The governor, third member of the board, voted against the motions and urged allowance of the claim.

The motion made by the attorney general at the meeting of March 2, 1960, is as follows:

"I move that the claim of Mr. William Padgett for wages for August, 1959 be allowed from the first of August to the sixth of August and that the remainder of the claim for wages that is for the balance of the month subsequent to the sixth of August be denied and particularly on the ground and for the reason the claim is not properly chargeable against the highway appropriation."

August 6, 1959, is the date upon which plaintiff ceased to be designated as an assistant attorney general. It is, therefore, apparent that the attorney general regarded the plaintiff's claim a proper charge against the "highway appropriation" when the services were rendered by an assistant attorney general, but not properly chargeable against that appropriation when the services were rendered by the same attorney after he ceased to be an assistant attorney general. This is the same contention which the attorney general urged when this cause was before this court on the merits. In our pri-

or opinion herein we said [82 Idaho 28, 348 P.2d 949]:

"We find this ground of refusal to pay plaintiff's claim to be without foundation."

That conclusion is based upon the fact that the legislature had authorized the board of highway directors to employ and pay its own counsel and is not limited to the employment of counsel designated by the attorney general. The import of that decision is that plaintiff's claim is a proper charge against the appropriation made to the board of highway directors by Chapter 114, Session Laws, 1959.

The language employed in Rich v. Williams, 81 Idaho 311, 341 P.2d 432, as quoted in our prior opinion herein, is construed to mean that as to a claim of this character the authority of the board of examiners is to determine whether the claim is in proper form, properly certified to the state auditor, whether an appropriation has been made by the legislature for the payment thereof, and whether there are funds remaining in the appropriation for such payment.

In recognizing the authority of the board of examiners to examine all such claims against the state, we said in Rich v. Williams:

"This does not mean, however, that the Board of Examiners is vested with authority by either the Constitution or statute to override the expressed will of the Legislature. By our Constitution the power to make and determine policy for the government of the State is vested in the Legislature, Idaho Const. Art. 2, § 1, and Art. 3, § 1. (Citations.)

"The Legislature having considered and determined the necessity for the building authorized by Chapter 83, and that its construction is in the interest of the people of the State, and having by the enactment of said Chapter approved the project by appropriating funds for its construction, the *Board of Examiners is without power to veto the act, or reverse the policy thus declared, by refusing to approve valid claims properly presented,* in execution thereof." Rich v. Williams, 81 Idaho 311, 341 P.2d 432, at pages 440 and 441. (Emphasis supplied.)

In support of his motion made at the meeting of the board of examiners on February 26th, the attorney general cited a number of prior decisions of this court. All of these decisions have been heretofore considered by the court, a number of them being cited in Rich v. Williams, supra, and in this case. All but two of them were cited by the attorney general in the briefs submitted by him in these two cases. In so far as any of those decisions may be in conflict with the decision in Rich v. Williams or the decision herein, the same are hereby overruled. The application of Const. Art. 4, §

18, and Art. 5, § 10, which we have made in Rich v. Williams and herein is in harmony with the purpose of those provisions as shown by the debates in the constitutional convention, II Idaho Constitutional Convention, Proceedings and Debates, 1427 and 1428. The delegates were concerned with the preservation of the power of the legislature to finally determine all claims against the state. They did not consider setting up a tribunal with power to deny claims already authorized by the legislature.

After an adverse ruling by this court on his contention that the board of highway directors was without power to employ its own counsel, it was an act of impropriety on the part of the attorney general to urge again the same legal proposition before the state board of examiners. He was not only acting as a member of the board of examiners, by virtue of his office of attorney general, but he was, and is, an officer of this court. As such, he owes the court the duty of respecting its decisions.

His action in this case can be explained, if at all, only on the ground of his contention, made before the board, that this court is without jurisdiction to control the action of the board of examiners; that the authority of the board of examiners is co-extensive with the authority of this court in the premises; that the claim, having been denied by the board, the court's opinion thereon is to be considered recommendatory only; and that the claim must be reported to the next session of the legislature for its action thereon. Some of the prior decisions cited by the attorney general, and upon which he bases this contention, refer to Idaho Const. Art. 5, § 10:

"The Supreme Court shall have original jurisdiction to hear claims against the state, but its decision shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the legislature for its action."

This court has held that claims against the state, contemplated by the foregoing section of the constitution, must first be presented to the state board of examiners before the court will exercise the original jurisdiction therein granted to hear such claims. State ex rel. Hansen v. Parsons, 57 Idaho 775, 69 P.2d 788.

It is obvious from a reading of this provision of the constitution that it has no application to a claim such as presented by the plaintiff herein. Rather, it provides jurisdiction and procedure on unliquidated claims, which have not been previously authorized by the legislature. No purpose could be served by reporting a claim denied by the board, and recommended by this court, to the next session of the legislature for its action, in a case such as this where the claim has already been authorized by the legislature and money appropriated for the payment thereof.

The absurdity of the attorney general's contention, and of any recognition by this court of the authority which he claims for the state board of examiners, becomes apparent when followed to its logical conclusion. Assume that plaintiff's claim were recommended and reported to the next session of the legislature and again approved by it. If the board of examiners has the power now claimed for it by the attorney general, it could again deny plaintiff's claim, and so on ad infinitum. Or, if it be considered that the second approval by the legislature would be conclusive on the board, the result still would be an absurd impasse in state government. All functions of all the agencies of government could be carried on from one session of the legislature to the next only by the consent and at the sufferance of the board of examiners. In short, the attorney general's contention is reduced to the absurdity of an attempt to confer upon the state board of examiners power to overrule the will of the legislature, and to render nugatory any legislative act providing for the carrying on of any function of the state government which requires the expenditure of money.

■ True, the board of examiners is a constitutional tribunal, with the constitutionally vested power to examine all claims against the state. But, nevertheless, it is also only an arm of the executive department of the state government. The authority now claimed would make it the supreme authority in state government, with power to control or nullify the acts and functions of all three of the major departments of the state government—executive, legislative, and judicial. Such power, the constitution does not confer upon it. The power to *examine* all claims against the state does not extend that far. Const. Art. 4, § 18, Art. 2, § 1.

■ In every state in the Union and in the government of the nation, it is recognized as a proper prerogative and function of the judicial department of government to construe the constitution and statutes and apply them to specific fact situations before the courts. This court as head of the judicial department of the state government is given that jurisdiction by our constitution. But this court does not have the power to invalidate or nullify a constitutional act of the legislature. No matter how violently the personal views of the justices may clash with the wisdom or policy of the legislation, if it does not clearly violate the constitution, the court must and will uphold it.

We have found no constitutional objection to the act of the legislature in providing the board of highway directors with authority to employ counsel of its choice, yet two of the members of the board of examiners are claiming the power to overrule the legislature and nullify its act, on the ground that the wisdom and policy of the legislation does not accord with the views of the attorney general.

**120**

The ground upon which the board denied plaintiff's claim, not being one upon which it is authorized to base such denial, its action is without force or effect. It, therefore, is the ministerial duty of the defendant to pay the claim, and he hereby is ordered to do so forthwith.

SMITH, KNUDSON and McQUADE, JJ., concur.